

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-5349
Re: Whether director of county
health unit may at the same
time be employed as part
time medical administrator
for quarantine hospital es-
tablished by State Depart-
ment of Health in cooperation
with Federal Government.

     Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

     "The State Department of Health, in coopera-
tion with the Federal Government, is to establish
a quarantine hospital for venereally infected women
in the city of Waco, Texas. Allotment of Federal
funds under the Lanham Act in the amount of approxi-
mately $96,000 has been made to defray the cost and
expense of the institution for a given period of
time. The application and the allotment provide
for a part time medical administrator with a salary
of $100 per month. Dr. Paul L. Wermer, Director
of the Waco-McLennan County Health Unit, is now
the regularly employed director of that unit and
is paid from cooperative State and local funds.

     "We wish you to advise us whether, under the
laws of the State of Texas, Dr. Wermer can act as
medical administrator on part time employment out-
side of the regular hours of duty as director of
the Waco-McLennan County Health Unit, and draw the
salary of $100 per month provided in the applica-
tion and allotment of funds. This $100 salary will
be paid from State Department of Health, U. S.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ...

Honorable George W. Cox, page 2

Public Health Service and Local Health funds. This institution is for the purpose of treating by most modern methods females afflicted with syphilis and gonorrhea, and for rehabilitating these women and girls morally and physically and restoring them to useful life in society. Because of the amount of salary provided and the limited duties required as medical administrator, it is practically impossible to fill this position with other qualified persons.

". . . ."

You have also given us the further information that the position of part time medical administrator for such quarantine hospital is merely a position of employment and is not an office. In this connection you inform us that such medical administrator takes no oath, gives no bond, has no definite tenure and can be discharged at any time. You also inform us that such position of employment is not created by the Legislature but is created by the State Board of Health in its budget.

Section 40, Article 16, Constitution of Texas, provides in part as follows:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. . . ."

Section 33, Article 16, Constitution of Texas, provides:

Honorable George W. Cox, page 3

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy and Marine Corps. (Sec. 33, Art. 16, adopted election Nov. 8, 1932)"

It is our opinion that Section 40 of Article 16, Constitution of Texas, supra, would not apply to this situation inasmuch as the position of part time medical director of the quarantine hospital is merely an employment and is not an office.

However, it is our further opinion that Section 33 of Article 16, Constitution of Texas, supra, prevents the accounting officers of Texas from drawing any warrant on the State Treasury in favor of Dr. Wermer while he holds the office above named and position above described at the same time.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUN 8, 1943

FIRST ASSISTANT
ATTORNEY GENERAL
WJF:db

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN